IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULICES E. GUERRERO,

                    Plaintiff,

v.

GREGORY O'NEIL,

                    Defendant.

ORDER

19-cv-578-wmc

---

    Plaintiff Ulices Guerrero is proceeding in this civil action on a claim against Correctional Officer Gregory O'Neil, who allegedly conducted a pat-down search on April 18, 2019, intending to harass or humiliate Guerrero in violation of his Eighth Amendment rights. At plaintiff's request, the court recruited counsel Mark Maciolek of the law firm of Maciolek Law Group in Sun Prairie, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter his appearance as plaintiff's *pro bono* counsel for the record.

    The next step is for the court to hold a status conference to reset the trial date in this case. Plaintiff's counsel should contact the Stanley Correctional Institution for purposes of consulting with plaintiff in the preparation of his case whether by phone and/or in person. So that counsel will have sufficient time to consult with plaintiff in advance of the conference, the clerk's office will be directed to set that conference in late-November as the court's schedule allows.

    Finally, plaintiff should appreciate that his counsel took on this representation out of a

sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and cooperatively with his attorney, as well as those working at his direction, and must permit him to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end his representation, but he should be aware that it is highly unlikely that the court will recruit a second attorney to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Mark Maciolek of the law firm of Maciolek Law Group as plaintiff's *pro bono* counsel of record and to set this case for a status conference in late-November as the court's schedule allows.

Entered this 6th day of November, 2025.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge